# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CLEMON D. PARHAM,

        Petitioner,    :    Case No. 2:21-cv-5725

- vs -    District Judge Michael H. Watson
    Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,

        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is a habeas corpus action under 28 U.S.C. § 2254, brought by Petitioner Clemon Parham with the assistance of counsel.  On October 4, 2022, the Magistrate Judge filed a Report and Recommendations recommending that the Petition be dismissed with prejudice (the "Report," ECF No. 19).  Parham has now filed Objections (ECF No. 22) and District Judge Watson has recommitted the case for consideration of the Objections (ECF No. 23).

**Ground One:  Knowing Use of False Testimony by the Prosecutor**

In his First Ground for Relief, Parham asserts the prosecutor knowingly used false evidence, to wit, the statement of trial defense counsel Attorney John Ruhan at a bond hearing when he was representing Parham in this case that Parham was present during the homicide.

1

**Procedural Default**

The Report noted that this claim had been presented to the Ohio Tenth District Court of Appeals as a question of Ohio evidence law and not as a claim of unconstitutional prosecutorial misconduct by presenting false evidence (Report at PageID 3138). Having quoted the Tenth District's decision at length, the Report concluded, "It is very clear that the Fourth Assignment of Error was argued on direct appeal as a claim of trial court error in applying the hearsay rule and not prosecutorial misconduct." Parham re-framed the issue in his 26(B) application as a claim that appellate counsel provided ineffective assistance of appellate counsel by not "constitutionalizing" the issue. The Tenth District found the hearsay argument stronger than the constitutional argument and Judge Klatt in concurrence noted there had been no constitutional objection in the trial court in any event.

The Report concluded Ground One was procedurally defaulted because not fairly presented to the state courts as a constitutional claim and also was without merit under the prosecutorial misconduct standard of *Wogenstahl v. Mitchell*, 668 F.3d 307, 323 (6th Cir. 2012).

Petitioner objects that he did in fact present this as a constitutional claim to the Ohio courts quoting

> **Assignment of Error No. 2**
>
> Appellant was Deprived of his Due Process Right to Fair Trial in Violation of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, as a Consequence of the State's Prosecutorial Misconduct.

(Objections, ECF No. 22, PageID 3157, quoting State Court Record, ECF No. 9, PageID 254).

This is an accurate quotation, but it misses the point. In the Tenth District, Parham's argument about admission of his attorney's statement that he was at the scene of the murder was

made under the **Fourth** Assignment of Error, not the **Second.** Under the Second Assignment, Parham made numerous claims about prosecutorial misconduct of various kinds, distinguishing those claims from the claim about admitting Attorney Rutan's statement in the bond hearing. (See distinction made by Parham between the two Assignments of Error at Appellant's Brief, State Court Record, ECF No. 9, PageID 232). As examples of Prosecutor Moore's "impermissible prosecutorial misconduct," he cites her asking of leading questions, then immediately turns to her meetings with witness Greg Dunson, which he characterizes as "socializing." *Id.* at PageID 233. At this point in the Brief, he adverts to admission of Attorney Rutan's statement as follows:

> Ms. Moore also improperly placed in evidence the hearsay statements of Appellant's prior attorney made during his bond hearing, that Appellant had admitted to being present at the Connal beating, when Ms. Moore knew or had reason to know that "admission" was inaccurate, unauthorized and untrue.

*Id.* Later in the Brief, in the argument of Assignment of Error **Four**, Parham argues this issue as a violation of the hearsay rule by the trial court and not as a matter of unconstitutional prosecutorial misconduct:

> The Trial Court Erred when it Permitted the State to Place in Evidence, as Admissions of a Party Opponent, the Unauthorized and Inaccurate Hearsay Statements Made by Appellant's Prior Attorney During His Bond Hearing.

*Id.* at PageID 273. The Tenth District spent considerable text analyzing this as an evidence issue, concluding it was the kind of statement a trial attorney is authorized to make on behalf of a client and therefore counted as an admission of a party opponent (*State v. Parham, supra,* ¶¶ 46-56).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity

3

to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991).

A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017). Nowhere in his Brief on appeal did Parham cite the leading cases on presenting false evidence on which he relies here, *Giglio v. United States*, 405 U.S. 150, 153 (1972), or *Napue v. Illinois*, 360 U.S. 264, 269 (1959). He does cite *Berger v. United States*, 295 U.S. 78 (1935)(Sutherland, J.), but that case famously stands for the general proposition that a prosecutor's duty is to do justice, not just to win cases. On balance, the Magistrate Judge again concludes Parham did not fairly present in Assignment of Error 2 the prosecutorial misconduct claim he asserts here.

But even if the claim had been fairly presented, Parham fails to show there is merit to his claim. The fact that Rutan made the admission is proven by the transcript (State Court Record, ECF No. 9-1). No doubt it was material, because it directly contradicted Parham's alibi defense. But Parham has not proven the statement was false; indeed the jury rejected his alibi. In other words, the prosecutor did not **know** it was **false** merely because Parham claimed it was false. Indeed Parham does not dispute that the elements of a *Napue/Giglio* misconduct claim are as set forth in *Wogenstahl, supra.,* and cannot credibly claim he meets them. Ground One should

therefore be dismissed with prejudice.

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Parham claims his appellate attorney provided ineffective assistance of appellate counsel when he failed to claim that Attorney Rutan provided ineffective assistance of trial counsel by stating during the bond hearing that Parham was present during the murder. The Report recommended dismissing this claim because Rutan's statement was not that Parham had admitted being present, but that Rutan believed Parham was present, based on discovery. The Report also recommended dismissal because the only proof in the State Court Record that Parham was not present at the scene of the crime was his own testimony to that effect, which the jury rejected by rejecting his alibi defense.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The Tenth District Court of Appeals decided this claim of ineffective assistance of appellate counsel on the merits when it denied Parham's Application for Reopening under Ohio R. App. P. 26(B)(Memorandum Decision, State Court Record, ECF No. 9, Ex. 28). In his 26(B) Application, he argued counsel was ineffective for failing to raise two assignments of error:

> [I.] Trial counsel was constitutionally ineffective for
> fabricating facts to support a bond-reduction request.

5

> [II.] The trial court violated Clemon Parham's right to a fair trial when it admitted his prior attorney's fabricated factual assertions.

*Id.* at PageID 499. The Tenth District decided it was not ineffective assistance of appellate counsel to fail to raise these claims:

> {¶ 9} In setting forth his first proposed assignment of error, Parham contends that his appellate counsel was ineffective because he failed to attack his trial attorney's ineffectiveness during the bond hearing. To prevail on an ineffective-assistance-of-counsel claim, a "defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *State v. Davis,* 159 Ohio St.3d 31, 2020-Ohio-309, ¶ 10.
>
> {¶10} Parham maintains that Rutan fell below an objective standard of reasonableness when he fabricated facts; namely, Parham's presence at the murder scene when Connal was beaten to death. Rutan, however, did not admit to fabricating any facts. He testified that he based his rendition of the facts on information that he obtained from the prosecutor and his review of the discovery provided to him.
>
> {¶11} We recognize that, as Parham points out, Rutan testified at trial that he "made some misrepresentations" at the bond hearing. (Tr. Vol. XI at 122.) Making a misrepresentation, however, does not necessarily equate to fabricating facts. According to Rutan and Parham, Rutan's words proved wrong because Parham denied being at the murder scene. Thus, from Parham's perspective, Rutan misrepresented Parham's whereabouts. But Rutan did not invent a story for the court, he instead related what he had learned from the prosecutor and discovery materials. Thus, although Rutan may have misrepresented Parham's presence at the murder, Rutan did not fabricate any facts.
>
> {¶12} Moreover, even if Rutan's performance fell below an objective standard of reasonableness, Parham has not demonstrated a reasonable probability that, but for Rutan's admission, the result of the proceeding would have been different. "A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Strickland* at 694. Here, one of Parham's accomplices testified to Parham's participation in the murder, a

friend testified that Parham admitted to him that he and two others beat Connal to death, and another friend testified that Parham took him to see Connal's body before it was discovered by authorities. When viewing the admission against this evidence, we are not persuaded that, but for the admission, there is a reasonable probability that the jury would not have convicted Parham. We are even more convinced of this conclusion due to the fact that the jury heard Rutan's explanation for the admission, as well as Rutan's confirmation of Parham's testimony that Parham did not actually tell Rutan that he was present during the murder.

{¶13} In sum, the evidence does not establish that Rutan fabricated any facts. Even if Rutan performed deficiently as a trial attorney, his deficient performance did not prejudice Parham. Consequently, appellate counsel was not ineffective for failing to raise the first proposed assignment of error.

{¶14} By his second proposed assignment of error, Parham contends that his appellate counsel was ineffective for not contesting the admission of Rutan's bond-hearing statement on constitutional grounds. Parham argues that Rutan's statement was so extremely unfair that its admission violated fundamental conceptions of justice, and thus, contravened the Due Process Clause of the U.S. Constitution and the Due Course of Law Clause of the Ohio Constitution.

{¶15} Parham, however, did not object to the admission of Rutan's statement on constitutional grounds, so that error was not preserved for appeal. Parham's appellate counsel chose to attack the admission of Rutan's statement on a plainly stronger ground, i.e., the trial court erred when it ruled that Rutan's statement fell into the Evid.R. 801(D)(2) hearsay exemption. Opting to raise a stronger argument on appeal over a weaker argument is not deficient performance. *Davila v. Davis,* _ U.S. _, 137 S.Ct. 2058, 2067 (2017). Parham's appellate counsel, therefore, was not ineffective for failing to advance the second proposed assignment of error in the direct appeal.

{¶16} Parham has failed to establish a colorable claim of ineffective assistance of appellate counsel. Accordingly, his application to reopen is denied.

*Id.*

To prevail on his Second Ground for Relief, Parham must show that this decision was an

7

objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), as applied at the appellate level. To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* The Tenth District applied this standard and found the hearsay argument was "plainly stronger" than the constitutional one. *Id.* at ¶ 15.

Attorney Rutan made his statement in a bond hearing April 14, 2014 (ECF No. 9-1). Parham filed his Notice of Alibi after changing lawyers and more than two years later. As the Report noted, if alibi had been the agreed-upon defense at the time of the bond hearing, then Rutan's statement would have been strongly against Parham's interest when it was made, but the Court is completely unadvised of what strategy discussions had occurred between Parham and his counsel during those two years.

In sum, the Magistrate Judge cannot say that the Tenth District's conclusion that the evidence argument was stronger than the constitutional one was objectively unreasonable. Therefore the Second Ground for Relief should be dismissed.

**Ground Three:  Prosecutorial Misconduct**

In his Third Ground for Relief, Parham asserts he is entitled to relief because Prosecutor Moore engaged in misconduct in four particulars:

> 1. Using leading questions to suggest factual conclusions for which she had no evidence.

> 2. Asking leading questions of prosecution witness Greg Dunson which could be answered yes or no when she had provided special and unusual privileges to Dunson.
>
> 3. Asking leading questions of defense witness Steven Simon.
>
> 4. Giving the jury the impression Parham had admitted being present at the murder scene by relying on Rutan's admission at the bond hearing.

(Quoted in Report, ECF No. 19, PageID 3145-46). The Report noted that the Tenth District had decided this claim on the merits and found Parham had not cited any Supreme Court precedent to which this decision was contrary or of which it was an unreasonable application (ECF No. 19, PageID 3148).

Parham objects that he had cited *Berger, supra* (ECF No. 22, PageID 3165). The Magistrate Judge agrees that Parham did cite *Berger* in his Reply (ECF No. 18, PageID 3125). However, it was for the very general proposition on prosecutorial misconduct: "while [the prosecutor] may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Id.* Three of Parham's complaints of misconduct relate to the prosecutor's use of leading questions. Where is it written in clearly established Supreme Court precedent that it is misconduct for a prosecutor to ask leading questions on cross-examination of a defense witness?

"[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The rule relied on from *Berger* is quite general: don't strike foul blows. The Tenth District's decision is not an objectively unreasonable application of *Berger*.

9

**Ground Four:  Unreliability of Historical Cell-Site Analysis**

In his Fourth Ground for Relief, Parham claims that he was unconstitutionally convicted in part on the basis of unreliable historical cell-site analysis.  Parham relied on *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S.137, 152 (1999).  The Report rejected that reliance because these two precedents, although firmly established, have never been held to be constitutionally mandated by the Supreme Court.  That is to say, the Supreme Court has never held that failure to establish admissibility of expert evidence under the *Daubert* standard renders a verdict unconstitutional.

Parham objects that "using a single tower cannot reliably be used to identify the location of a cell phone handset, its distance from the cell tower, nor reliably its cell sector at a particular time," citing Cherry Biometrics, Inc., Report, State Court Record, ECF No. 9, Ex. 12, PageID 177-83.  This Report was Parham's exhibit in support of his Motion in Limine to exclude cell-site evidence intended to be offered by the State.  Self-evidently, it is not a decision of the Supreme Court of the United States.

The Report rejected the Fourth Ground, concluding "The Magistrate Judge is unaware of any Supreme Court case in which it is even suggested that failure to satisfy *Daubert* renders the admission of evidence unconstitutional." (ECF No. 19, PageID 3149-50).  Petitioner objects, relying on *United States v. Evans*, 892 F. Supp. 2d 949 (N.D. Ill. 2012), where the district court excluded historical cell-site analysis because it did not meet the *Daubert* standard.  But *Evans* involves the admission of scientific evidence in the first instance in a federal criminal prosecution.  In such a case *Daubert* applies by direct application of federal evidence law, here as embodied in the Federal Rules of Evidence.  In a habeas corpus case, the petitioner must show

10

the state courts unreasonably applied constitutional precedent of the United States Supreme Court. But that Court has never constitutionalized *Daubert*. Petitioner suggests the Court can apply the Fourteenth Amendment directly to find that admission of evidence which does not satisfy *Daubert* violates the Fourteenth Amendment. That was an arguable position before the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") was adopted. Now a petitioner must meet a higher standard: the state court decision must be an objectively unreasonable application of Supreme Court precedent. The Supreme Court has never held that *Daubert* is binding on state courts as a matter of constitutional law. The Fourth Ground for Relief should therefore be dismissed.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 14, 2022.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

11

and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge

\#