UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Clemon D. Parham,

    Petitioner,

v.

Warden Norm Robinson,

    Respondent.

Case No. 2:21-cv-5725

Judge Michael H. Watson

Magistrate Judge Merz

## OPINION AND ORDER

Clemon D. Parham ("Petitioner") objects to aspects of the Report and Recommendations ("R&R") issued by the Magistrate Judge in this habeas corpus case. Obj., ECF Nos. 25. The Court **OVERRULES** Petitioner's objections and **ADOPTS** both R&Rs for the reasons addressed herein.

### I. PROCEDURAL HISTORY

In October 2013, Petitioner was indicted on one count of aggravated robbery and one count of aggravated murder, both related to the murder of Kevin Connal ("Connal"). Indictments, State Court Record, ECF No. 9, PAGEID: ## 55–59. A Franklin County jury found Petitioner guilty on both counts. Verdict, State Court Records, ECF No. 9, PAGEID: ## 200–02. Petitioner appealed to the Tenth District Court of Appeals, which affirmed the verdicts. *State v. Parham*, 121 N.E.3d 412 (Ohio Ct. App. Feb. 5, 2019). Petitioner then appealed to the Supreme Court of Ohio, but that court declined to exercise jurisdiction. Notice of Appeal, State Court Record, ECF No. 9, PAGEID: ## 505–18; Order, State Court

Record, ECF No. 9, PAGEID: # 530. Petitioner subsequently filed his habeas petition in this Court. ECF No. 1.

In the petition, Petitioner asserts four grounds for relief. Only Ground Three is relevant to this Opinion. In Ground Three, Petitioner argues that habeas relief is warranted because of prosecutorial misconduct. Petition 19–20, ECF No. 1.

## II.  REPORT AND RECOMMENDATION

Pursuant to the Court's General Orders, Magistrate Judge Merz issued an R&R on Petitioner's Petition. R&R, ECF No. 19. The R&R recommended dismissing all four grounds for relief. *Id.* Petitioner timely objected to the R&R, ECF No. 22, and the Court recommitted the matter to the Magistrate Judge for further consideration, ECF No. 23. The Magistrate Judge then issued a Supplemental R&R, which again recommends dismissing all grounds for relief. Supp. R&R, ECF No. 24. Relevant to this Opinion and Order, the Supplemental R&R recommends dismissing Ground Three because the state appellate court's conclusions on Petitioner's prosecutorial misconduct claims were not unreasonable. *Id.* Petitioner has timely objected to the Supplemental R&R's conclusions as to only Ground Three. ECF No. 25.

## III.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to.

## IV. ANALYSIS

As an initial matter, because Petitioner objected to the R&R's conclusions as to only Ground Three, the Court **ADOPTS** the remainder of the Supplemental R&R and **DISMISSES** Grounds One, Two, and Four. *See Cole v. Warden of Seneca Cnty. Jail*, No. 3:17-CV-155, 2017 WL 4182299, at *1 (N.D. Ohio Sept. 21, 2017) ("The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of a Report and Recommendation to which the parties have made an objection." (citing 28 U.S.C. § 636(b)(1))).

Turning to Ground Three, Petitioner alleges the following instances of prosecutorial misconduct: (1) improperly questioning witnesses by suggesting facts for which the prosecutor had no evidence, particularly in the questioning of Aaliyah Dunson ("Mrs. Dunson"); (2) improper contacts with prosecution witness Greg Dunson ("Mr. Dunson"), including coaching Mr. Dunson; (3) attacking and intimidating defense witness Steven Simon ("Simon"); (4) improperly questioning Petitioner about his former counsel's statement that Petitioner had been at the murder scene; and (5) improperly giving the jury the allegedly false impression that Petitioner was at the murder scene during closing arguments.

In considering whether alleged prosecutorial misconduct warrants habeas relief, the "relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks and citations omitted). A prosecutor's conduct violates a defendant's due

process rights only if, when viewed in context, the conduct "undermine[d] the fundamental fairness of the trial and contribute[d] to a miscarriage of justice." *Winowiecki v. Gidley*, No. 20-1461, 2020 WL 6743472, at *2 (6th Cir. Sept. 8, 2020) (quoting *United States v. Young*, 470 U.S. 1, 16 (1985)). Federal courts "cannot set aside a state court's conclusion on a prosecutorial-misconduct claim unless a petitioner cites to other Supreme Court precedent that shows the state court's determination in a particular factual context was unreasonable." *Trimble v. Bobby*, 804 F.3d 767, 783 (6th Cir. 2015) (citing *Parker v. Matthews*, 567 U.S. 37, 47–49 (2012)).

The state appellate court analyzed Petitioner's accusations of prosecutorial misconduct in relevant part as follows:

> On appeal, Parham argues that the prosecutor erroneously incorporated into her question a fact not in evidence; namely, that Aaliyah Dunson heard Parham admit to being involved in a murder. . . . The prosecutor was mistaken [in her characterization of Mrs. Dunson's testimony]. . . . However . . . we conclude that the mistake did not rise to the level of misconduct.
>
> Additionally, the trial court sustained Parham's attorney's objections to the question at issue and instructed the jury to disregard a question if the court sustained an objection to it. . . . Consequently, we conclude that even if the prosecutor engaged in misconduct in the questioning of Aaliyah Dunson, that misconduct did not deprive Parham of a fair trial.
>
> Parham also points to multiple instances in the transcript where he contends the prosecutor improperly asked leading questions or suggested the answers she wanted in her questions. In about half of these instances, the trial court sustained objections to the questions at issue and the prosecutor either rephrased or withdrew the question. . . . Consequently, we conclude that, where the trial court

sustained an objection to the prosecutor's question, the improper nature of the question did not prejudice Parham's substantial rights.

In the remaining instances Parham directs us to, Parham did not object to the questions at issue. . . . Here, we find no plain error because the questions at issue either covered matters of little relevance or elicited information introduced elsewhere during trial. . . .

Next, Parham contends that the prosecutor "improperly socialized with and prepped" Gregory Dunson. . . . Parham also complains that the prosecutor offered to assist [Mr.] Dunson in obtaining court-appointed counsel after she discovered that [Mr.] Dunson had run out of funds to pay his attorney.

During the trial, [Mr.] Dunson stayed in a hotel because he had moved out of state. The prosecutor picked [Mr.] Dunson up from his hotel and drove him to a Wendy's restaurant, where the prosecutor and [Mr.] Dunson discussed the matters [Mr.] Dunson intended to testify about at trial. A few days later, the prosecutor again picked [Mr.] Dunson up from his hotel and drove him to her office so she could prepare [Mr.] Dunson for trial. On the return trip to [Mr.] Dunson's hotel, the prosecutor stopped so [Mr.] Dunson could purchase pizza.

While preparing [Mr.] Dunson for trial, the prosecutor played for [Mr.] Dunson a surveillance video showing Hill getting into a car at the Columbus airport and the car driving away. The car in the video matched a car [Mr.] Dunson previously owned in color, make, and model. Consequently, the prosecutor wanted [Mr.] Dunson to observe the car and note any differences between his car and the car in the video. . . .

Here, there is no evidence that the prosecutor did anything untoward during her preparation of [Mr.] Dunson to take the stand. . . .

Parham next claims that the prosecutor "improperly attacked a defense witness." . . . This claim appears to arise out of the testimony of Steven Simons, Jr. . . .

Regardless of the propriety of the prosecutor's alleged actions, they did not intimidate Simons. At trial, defense counsel called Simons to the stand, and he testified [for the defense]. Consequently, no prejudice to Parham arose from the prosecutor's alleged treatment of Simons. . . .

> Next, Parham argues that the prosecutor committed misconduct when she questioned him regarding his former attorney's statement that he was present at Connal's murder. . . . Because the trial court admitted the statement in issue into evidence, the prosecutor's questioning about that statement does not amount to prosecutorial misconduct. . . .
>
> Finally, Parham contends that the prosecutor improperly stated during closing argument that Aaliyah Dunson testified that she heard Parham admit to murdering Connal. As we explained above, this statement mischaracterizes Dunson's testimony. However . . . [t]he prosecutor referred to Aaliyah Dunson's testimony only once during the closing argument, so the prosecutor's improper statement did not so permeate the state's closing that it denied Parham a fair trial. . . .
>
> In sum, we conclude that, despite any alleged prosecutorial misconduct that occurred, Parham received a fair trial. Accordingly, we overrule Parham's second assignment of error.

*Parham*, 121 N.E.3d at 428–31 (cleaned up).

The state appellate court's conclusion—that any alleged misconduct did not render Petitioner's trial fundamentally unfair—was not unreasonable. First, consider the various instances of alleged improper questioning. The trial court sustained contemporaneous objections to many of the alleged instances of misconduct, which substantially reduces any prejudicial effect of those statements. *See Slagle v. Bagley*, 457 F.3d 501, 524 (6th Cir. 2006) (concluding that trial counsel's objections and the trial court's curative instructions " mitigated much of the prejudice to" the habeas petitioner). Thus, these allegedly improper questions did not deprive Petitioner of a fair trial.

Relatedly, the argument that the prosecutor committed misconduct by mischaracterizing Mrs. Dunson's testimony is unavailing. To start, the Court

agrees that the prosecutor mischaracterized the testimony. However, the trial court repeatedly admonished the prosecutor for that mischaracterization—to the point that the trial court entirely re-worded the prosecutor's question. In so doing, the trial court substantially reduced any prejudice from the prosecutor's mischaracterization. See *Slagle*, 457 F.3d at 524. Thus, this mischaracterization did not deny Petitioner a fair trial.

Third, the alleged intimidation of Simon is not grounds for relief. Any attempted intimidation was unsuccessful because Simon testified for the defense. *Cf. Abraham v. McKee*, No. 2:10-CV-11387, 2012 WL 4089915, at *11 (E.D. Mich. Sept. 17, 2012) (denying habeas relief based on allegations that the prosecutor intimidated a witness where the record supported the state appellate court's determination that "the prosecutor's actions did not substantially interfere with [the witness's] desire to testify"). Thus, any alleged intimidation did not render Petitioner's trial unfair.

Next, the alleged improper contacts with Mr. Dunson does not warrant habeas relief. This Court agrees with the state appellate court that Petitioner points to nothing about the preparation process that strayed beyond acceptable witness preparation and into improper conduct. Accordingly, the prosecutor's contacts with Mr. Dunson did not deny Petitioner a fair trial.

Finally, Petitioner's arguments that the prosecutor improperly stated that Petitioner was at the murder scene are unavailing. Start with Petitioner's argument that the prosecutor improperly brought up Petitioner's former counsel's

statement that Petitioner had been at the scene. That statement had been deemed admissible by the trial court; a prosecutor does not engage in misconduct by relying on the trial court's orders. *Cf. United States v. Trujillo*, 376 F.3d 593, 613–14 (6th Cir. 2004) (concluding that the prosecution's reference to certain facts was improper because "it violated the district court's pre-trial order"). As to the assertions that the prosecutor gave the allegedly false impression that Petitioner was at the murder scene during closing argument, that statement was contemporaneously objected to and was an isolated statement. Thus, this comment did not deny Petitioner a fair trial.

In short, although some of the prosecutor's conduct may have been improper, that alone is not grounds for habeas relief. As explained above, the "relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181 (internal quotation marks and citations omitted). The state appellate court did not unreasonably decide that the prosecutor's conduct did not so infect Petitioner's trial as to render it unfair. Thus, habeas relief is unwarranted.

## V.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1).

When a claim has been denied on the merits—as in this case—a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

When a claim has been denied on the merits, a certificate of appealability may issue if the petitioner establishes "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

## VI. CONCLUSION

For these reasons, Petitioner's objections are **OVERRULED**. Both R&Rs are **ADOPTED**. The Clerk is **DIRECTED** to enter judgment for Respondent and close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**